THALHEIM et al. v. ANDERSON.

(Circuit Court of Appeals, Fifth Circuit. December 20, 1898.)

No. 729.

PARTNERSHIP—PLEADING—CREDITS SHOWN BY BILL OF PARTICULARS.

In an action against a partnership for professional services, including services rendered to a partner individually, liability for which is claimed to have been assumed by the partnership, the defendants, if not liable for such services, are not entitled to credit for payments made by the partner individually, although such credit is given in plaintiff's bill of particulars.

In Error to the Circuit Court of the United States for the Southern District of Florida.

Thos. E. Shackelford and M. B. K. Pettingill, for plaintiff in error.
Herbert L. Anderson, in pro. per.

Before PARDEE and McCORMICK, Circuit Judges, and PAR-LANGE, District Judge.

PER CURIAM.    The case below was one wherein it was sought to recover from a partnership, and the partners in solido, for professional services rendered to the partnership, including services specially rendered to one of the partners, for which it was contended the partnership was liable by assumption; a general bill of particulars being attached to the declaration, setting forth the items for which compensation was claimed, and crediting amounts received towards payment, which credits included an assignment by one of the partners of a judgment in his favor.    The case was defended on the theory that the partnership was not liable for the services specially rendered to the individual partner, and yet that the plaintiff was so bound by his bill of particulars that the partnership and partners, while avoiding liability for the services rendered to the particular partner, should yet have credit for the items paid for such services by such partner.    This contention was variously but unsuccessfully presented during the trial by motions to strike out evidence, and by special instructions to the jury, bills of exception being properly reserved; the trial judge being of opinion that if the partnership was not liable, through assumpsit, for the special services rendered to the individual partner, then the partnership was not entitled to credits of amounts paid by such individual partner for special services rendered to him, although the credits as well as the services were included in the bill of particulars filed with the plaintiff's declaration.    In the view taken by the trial judge we concur; and although some of the rulings complained of, when isolated, may be subject to criticism, yet, connected as they were, no reversible error can be predicated upon them.

There is also in the case a question as to whether a surety on the bond given to release the attachment sued out in the case was prop-

erly included in the judgment rendered. This question was presented to the trial judge on a motion to amend the judgment by striking out the name of the surety on the bond. His ruling thereon is fully sustained by the written reasons given by him found in the transcript, and we concur therein.

On the whole case, we are of opinion that, so far as the errors complained of are concerned, the verdict and judgment of the court do substantial justice between the parties, and ought to be affirmed.